BENJAMIN F. QUIMBY *vs.* FRANCIS W. CARR & others.

The omission to discover the want of a signature to the indorsement of a bill of lading of goods which have been purchased and agreed to be forwarded is such a mistake of fact as will entitle the purchaser to recover back money which he has paid to the agent of the vendor upon a draft for the price, with the imperfect bill of lading annexed; and the agent may properly yield to a demand for such repayment, without a suit, and, if he has done so, he is not liable to an action by his principal.

CONTRACT.   At the trial in the superior court, before *Ames*, J., it appeared that the plaintiff, who had agreed to sell and deliver some flour to Hooper Chase, of Bangor, sent for collection through the defendants as his agents a draft of $387 for the price, with a bill of lading of the flour attached.   By mistake of the plaintiff, the indorsement of the bill of lading, which was made out in his own name, was not signed.   The defendants presented the draft with the bill of lading to Chase, and he, without noticing the want of the plaintiff's signature to the indorsement upon the latter, paid the amount to the defendants; and very soon afterwards, and before the defendants had transmitted the money to the plaintiff, gave notice to them of the mistake, and demanded the repayment of the money, with threats of a suit at law in case of refusal.   Upon the following day, the defendants returned the money to Chase; notice was given to the plaintiff by telegraph;

he sent a new bill of lading properly indorsed; and the draft was again presented to Chase, who refused to pay it. The flour did not reach Bangor till several weeks later.

The plaintiff contended that, as the draft and the accompanying bill of lading were presented to the drawee, and were actually in his hands, with ample opportunity for examination and with means of knowledge, it could not be said that the money was paid under such a mistake of fact as to give him a right to reclaim it of the defendants; and that in yielding to that claim the defendants had acted in their own wrong, and were liable to the plaintiff, notwithstanding such repayment; and the plaintiff asked the court so to rule. The judge refused so to rule, and intimated an intention to instruct the jury that, if the money was paid to the defendants under a mistake of fact, and if the circumstances were such that a person of ordinary care and observation might have failed to notice the defect in the indorsement, and might have paid the money without discovering the mistake, then the party making the payment would have a right, on tendering the draft and bill to the defendants as soon as the mistake was discovered, and while the money was still in their hands, to reclaim the money of them; and that the defendants in that state of facts would be justified in returning the money, and would not be accountable therefor to the plaintiff.

Upon this intimation, the counsel for the defendants claimed that the case presented merely a question of law; and the counsel for the plaintiff made a similar claim, each party claiming the verdict, and neither desiring to go to the jury. The judge thereupon ruled that, upon the facts above set forth, the plaintiff was not entitled to recover, and directed a verdict for the defendants, which was returned accordingly; and the case was reported for the determination of this court.

*N. B. Bryant & S. H. Wentworth,* for the plaintiff. The draft and bill of lading annexed constituted but one instrument, and taken together would furnish good evidence of title to the flour. Story on Sales, (3d ed.) § 347. It was such gross negligence in Chase not to discover the want of the signature that he was not entitled to recover back the money. He had full means of

knowledge; and the payment by him was voluntary. *Marriot* v. *Hampton*, 2 Smith's Lead. Cas. (5th Amer. ed.) 237. At any rate, the case should have been submitted to the jury to determine whether this was such means of knowledge as to bind him, and whether he did not have actual knowledge.

*C. Allen & J. C. Davis*, for the defendants.

CHAPMAN, J. The plaintiff's indorsement of his bill of lading had no validity, because he neglected to sign it. In consequence of this error on his part, Hooper Chase would not have obtained any title to the flour which he had agreed to forward, or any control over it. He had paid the draft to the defendants before he discovered the error; and when he discovered it, he had a right to demand and recover of the defendants the money he paid under a mistake of the facts. *Jefts* v. *York*, 10 Cush. 392; S. C. 12 Cush. 196. The plaintiff cannot with propriety urge that Chase was guilty of negligence in not discovering the error before he paid the money to the defendants; for it was merely a failure to discover an error which the plaintiff had made. But if he was guilty of negligence, that fact would be immaterial. *Appleton Bank* v. *McGilvray*, 4 Gray, 522. The defendants, being bound to repay the money after the demand upon them, properly did so without suit, and are not liable to the plaintiff.     *Judgment for the defendants.*